## SUPREME COURT.

### CHARLES KOHN agt. WILLIAM B. BURTNETT.

*Judgment as affecting order of arrest— Code of Civil Procedure, section* 576.

Where the defendant was held on an order of arrest, a motion having been made upon affidavits to vacate the order of arrest, a reference was ordered, and pending the reference the action was tried and judgment was rendered for the amount of the debts and costs, the judge declining to hear evidence on the question of fraud. An execution having been issued against the person of defendant, a motion was made to set it aside:

*Held,* that the application was made in this case before judgment and in season. The judgment only determined the fact and amount of the defendant's indebtedness, and not necessarily what kind of execution may be issued to enforce it. The question whether the execution could be issued against the body could only be determined in this action by the existence of the order of arrest after the defendant had lost the right to move to vacate such order.

*New York Chambers, July,* 1880.

THE defendant was held on an order of arrest based upon false and fraudulent representations made at the time of contracting the debt, and the subsequent fraudulent disposition of his property. A motion having been made upon affidavits to vacate the order of arrest, a reference was ordered, and pending the hearing a stipulation was signed by the counsel on either side, that further evidence might be given on three days' notice. While the reference was pending the action was tried, and judgment rendered for the amount of the debt and costs. The judge declined to hear evidence on the question of fraud. An execution having been issued against the person of defendant, a motion was made at chambers to set it aside. The question was thus presented whether the judgment put an end to or formed a bar to the defendant's motion to vacate the order of arrest.

*Abbett & Fuller*, for plaintiff.

*D. & T. McMahon*, for defendant.

POTTER, *J.* — In his opinion, says that formerly "such was the effect of the judgment, but by an amendment of the Code of Procedure, section 183, the defendant has twenty days after service of the order to move to vacate the order (*Pilo* agt. *Cluhey*, 36 *Howard*, 179). By section 576, Code of Civil Procedure, a defendant may apply to vacate an order of arrest at any time before final judgment. The application was made in this case before judgment and in season. The judgment only determined the fact and amount of the defendant's indebtedness, and not necessarily what kind of execution may be issued to enforce it. The question whether the execution could be issued against the body could only be determined in this action by the existence of the order of arrest after the defendant had lost the right to move to vacate such order. The defendant has not expressly or impliedly consented to abandon his motion." Judge POTTER denies the motion, unless defendant proceeds with the taking of evidence and concludes it within thirty days.